UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | | |
|---|---|---|
| DARELL NASH, SR., | : | CASE NO. 5:04-CV-435 |
| | : | |
| Petitioner, | : | JUDGE JAMES GWIN |
| | : | |
| vs. | : | OPINION MEMORANDUM |
| | : | [Resolving Doc. No. 17] |
| MICHELLE EBERLIN, | : | |
| | : | |
| Respondent. | : | |
| | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is the Motion to Stay of Respondent Michelle Eberlin. [Doc. 17]. Respondent requests a stay of this Court's April 1, 2005 Order and Judgment granting the Petition for Writ of Habeas Corpus of Petitioner Darell Nash, Sr. [Docs. 13-15]. For the reasons discussed below, the Court **DENIES** the respondent's motion.

## I. Analysis

In granting Nash's petition, this Court detailed the factual and procedural history of this case. [Doc. 13]. The Court incorporates that discussion herein by reference.

In analyzing the motion to stay, the Court considers four factors:

    1.    Whether the stay applicant makes a strong showing that she is likely to succeed on the merits;

    2.    Whether the applicant will suffer irreparable injury absent a stay;

Case No. 5:04-CV-435
Gwin, J.

> 3. Whether issuance of the stay will substantially injure other parties interested in the proceeding; and
>
> 4. Where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). In light of these four factors, the Court denies the respondent's motion.

First, the respondent does not demonstrate a substantial likelihood of success. Instead, the respondent says that "an affirmance by the Sixth Circuit of the district court's decision is by no means a certainty." [Doc. 17 at 2]. The respondent does not demonstrate any legal infirmity in the Court's earlier reasoning. Under these circumstances, the first factor weighs in favor of denial of the stay.

Nor does the respondent demonstrate any risk of irreparable injury to her. Contrary to the respondent's assertion, it is the constitutional prohibition on double jeopardy, and not this Court's order, that bars the State of Ohio from retrying Nash. Nash has already served more than three years of his aggregate five year sentence. Had Nash been convicted of aggravated menacing instead of felonious assault (the only rational result in light of the evidence against him), he would already have been released.[1] The respondent is free to pursue her appeal, whether Nash is at home or in jail. The second *Hilton* factor weighs in favor of release.

Issuance of a stay will undoubtedly cause irreparable injury to Nash. Given the lengthy appeal process, Nash could face up to another two years in prison if the Court grants the stay.[2] If the Sixth Circuit

---

[1] Under Ohio Rev. Code § 2903.21, aggravated menacing is a first degree misdemeanor in most cases. The maximum jail sentence for a first degree misdemeanor is 180 days. Ohio Rev. Code § 2929.24.

[2] In its 2004 report on caseload disposition, the Sixth Circuit reported that the medium time from the filing of a
(continued...)

Case No. 5:04-CV-435
Gwin, J.

were to affirm, as is likely, Nash would have served more than four years on a conviction that lacked sufficient evidence. The third *Hilton* factors weighs heavily in favor of release.

Finally, the Court considers the public interest. While Nash was convicted of a violent felony, there is no evidence that he intended to use his gun or cause any physical harm. Based on the state court record, his wife even testified on his behalf at trial. He had no prior criminal record of any note. Nash has already served three years of his five year sentence. Under these circumstances, the fourth *Hilton* factor weighs in favor of release.

II. Conclusion

For these reasons, the Court **DENIES** Respondent Michelle Eberlin's Motion to Stay. [Doc. 17].

IT IS SO ORDERED.

Dated: April 28, 2005               s/      *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[2]/(...continued)
notice of appeal to final disposition was 31.1 months.

-3-