UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
                                            :

DARELL NASH, SR.,                        :          CASE NO. 5:04-CV-435
                                              :

                 Petitioner,           :          JUDGE JAMES GWIN
                                              :

vs.                                   :          OPINION AND ORDER
                                            :          [Resolving Doc. No. 36]

MICHELLE EBERLIN,              :
                                            :

                 Respondent.         :
                                            :
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Respondent Michelle Eberlin moves to stay this Court's order granting Petitioner Darell Nash's petition for writ of habeas corpus.  [Doc. 36].  The petitioner opposes the motion to stay, and the respondent has replied.  [Docs. 39, 40].  For the reasons discussed below, the Court **DENIES** the respondent's motion.

## I.  Analysis

In granting Nash's petition a second time, this Court addressed the state court trial record as the Sixth Circuit directed.  [Doc. 29].  The Court incorporates that discussion herein by reference.

In analyzing the motion to stay, the Court considers four factors:

1.      Whether the stay applicant makes a strong showing that she is likely to succeed on the merits;

2.      Whether the applicant will suffer irreparable injury absent a stay;

3.      Whether issuance of the stay will substantially injure other parties interested in the proceeding; and

-1-

Case No. 5:04-CV-435
Gwin, J.

        4.      Where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).  Upon considering the four *Hilton* factors, the Court denies the respondent's motion.

First, the respondent does not demonstrate a substantial likelihood of success.  The respondent asserts that "an affirmance in the Sixth Circuit of the district court's decision is by no means a certainty."  [Doc. 36 at 2].  The respondent's motion raises no substantive factual issues with the Court's ruling.  Instead, the respondent waits until filing her reply brief to take issue with the Court's analysis of the trial record.  The Court will not consider arguments raised for the first time in a reply brief.  *See Smith v. Meyer Builders*, No. C-1-03729, 2006 U.S. Dist. LEXIS 8334, at *19 (S.D. Ohio Mar. 3, 2006) (citing *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986)).

Even if the Court considered the respondent's untimely arguments, they would still fail.  The *pro se* petitioner was entitled to a liberal construction of his pleadings.  Further, although the petitioner cited various sections of the transcript in support of her argument, at no time does she point to any evidence that the petitioner knowingly caused or attempted to cause harm to another person by means of a deadly weapon.  Such evidence was required to convict the defendant of felonious assault under Ohio Rev. Code § 2903.11.  The absence of such evidence renders the felonious assault conviction unconstitutional.   Under these circumstances, the first factor weighs in favor of denial of the stay.

The respondent's argument regarding its supposed irreparable injury also fails.  The respondent insists that the State of Ohio will suffer irreparable injury if the Court denies a stay pending its appeal. That notion is ridiculous. If the Sixth Circuit reverses the Court's order granting habeas relief to the petitioner, the petitioner will simply return to state custody to serve out the

-2-

Case No. 5:04-CV-435
Gwin, J.

remainder of his sentence.  The injury to the State, if any, is clearly not irreparable.

The petitioner, on the other hand, will be irreparably injured if the Court grants a stay.  The respondent knows good and well that the petitioner's sentence on his unconstitutional felony conviction expires in March 2007.  If the Court stayed its previous order pending appeal, Petitioner Nash's sentence would likely expire before the Sixth Circuit reached a decision.  The third *Hilton* factors weighs heavily in favor of release.

As to the fourth *Hilton* factor, the Court considers the public interest.  The petitioner has been in jail for more than four years.  This Court has now considered his felonious assault conviction twice, and twice found that the conviction was unconstitutional.  In the Court's view, the public interest is best served by remedying the effects of an unconstitutional conviction.  But for the felonious assault conviction, the petitioner has no prior criminal record of any note.  Under these circumstances, the fourth *Hilton* factor weighs in favor of release.

## II.  Conclusion

The Court **DENIES** Respondent Michelle Eberlin's Motion to Stay.  [Doc. 36].

IT IS SO ORDERED.

Dated: August 3, 2006              s/         *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE